UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAW OFFICE OF GUY LEVY, INC., <br><br> Plaintiff, <br><br> v. <br><br> MOISHE'S MOVING SYSTEMS, LLC, et al., <br><br> Defendants. | Case No.: 21-cv-1212-L (AGS) <br><br> ORDER REMANDING ACTION TO STATE COURT |

Defendant Moishe's Moving Systems LLC removed this action from state court pursuant to 28 U.S.C. §§1331 and 1441, and 49 U.S.C. § 14706. For the reasons stated below, the action is remanded.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution or statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Furthermore, "[i]f at any time before final judgment it appears that the district

court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . .." 28 U.S.C. § 1441(a).

Defendant's notice of removal is based on 28 U.S.C. §1331, which confers "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Defendant claims that the allegations in the complaint are governed by the Carmack Amendment to the Interstate Commerce Act, codified at 49 U.S.C. § 14706, although Plaintiff chose to assert only state law claims. It appears that Defendant removed the case because violations under 49 U.S.C. § 14706 may be brought against a "delivering carrier in a district court of the United States or in a State court." 49 U.S.C. § 14706(d)(1). Plaintiff raises state law claims for breach of contract, an account stated, for monies had and received, unjust enrichment, fraud, breach of fiduciary duty, conversion, statutory liability, negligence, and declaratory relief. (Complaint 4-12).

"[T]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (internal quotation marks, brackets and citation omitted). "[T]he plaintiff is the 'master' of [his] case, and if []he can maintain [his] claims on both state and federal grounds, []he may ignore the federal question, assert only state claims, and defeat removal." *Duncan v. Stuetzle,* 76 F.3d 1480, 1485 (9th Cir. 1996).

Here, Plaintiff chose to allege only state law claims. In such cases, the claim "arises under" federal law only if the claim necessarily raises a stated federal issue, which is actually disputed and substantial, and which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. *Gunn v. Minton,* 568 U.S. 251, 258 (2013). There is no indication that the state law claims raised in the complaint raise a federal issue. To the extent Defendant has implicitly intended to raise a preemption argument, there is no preemption

component of 49 U.S.C. § 14706. Even if the statute provided for federal preemption, it is an affirmative defense. *Lusnak v. Bank of Am., N.A.*, 883 F.3d 1185, 1194 n.6 (9th Cir. 2018). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim. Thus, a case may not be removed to federal court on the basis of a federal defense." *Rivet*, 522 U.S. at 475.

Accordingly, Defendants have not met their burden of establishing removal jurisdiction. Because the notice of removal fails to establish federal jurisdiction, this action is REMANDED to the Superior Court of the State of California for the County of San Diego.

**IT IS SO ORDERED.**

Dated: July 9, 2021

Hon. M. James Lorenz
United States District Judge