# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| LAW OFFICE OF GUY LEVY, INC., | Case No.: 21-cv-1212-L (AGS) |
|---|---|
| Plaintiff, | |
| v. | ORDER VACATING ORDER TO REMAND [ECF NO. 3] |
| MOISHE'S MOVING SYSTEMS, LLC, et al., | |
| Defendants. | |

Defendant Moishe's Moving Systems LLC removed this action from state court pursuant to 28 U.S.C. §§1331 and 1441, and 49 U.S.C. § 14706. On July 9, 2021, this Court remanded the action to state court finding that the Court lacked jurisdiction over Plaintiff's Complaint which contained only state law claims. [ECF No. 3.] On July 12, 2012, Defendant filed a Motion to Amend or Correct the order of removal, arguing that the Carmack Amendment, 49 U.S.C. §14706 completely preempts state law claims, citing *Hall v. North American Van Lines, Inc.*, 476 F.3d 683 (9th Cir. 2007).

Upon further review, Plaintiff's state law claims appear to fall under the preemptive power of the Carmack Amendment. In *Hall*, the Ninth Circuit held that "the Carmack Amendment is the exclusive cause of action for interstate-shipping contract

claims alleging loss or damage to property." *Id*. at 688. Here, Plaintiff alleges contract claims for loss or damage to property pursuant to an interstate-shipping agreement.

Defendant has now successfully met its burden of establishing that this Court has jurisdiction over Plaintiff's claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted)(The burden of establishing federal jurisdiction rests with the party asserting jurisdiction.)

Accordingly, the Order of removal is **VACATED**. This Order does not preclude a motion to remand, should Plaintiff choose to file one.

**IT IS SO ORDERED.**

Dated: July 15, 2021

_____
Hon. M. James Lorenz
United States District Judge