UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAW OFFICE OF GUY LEVY, INC.,<br><br>                              Plaintiff,<br><br>v.<br><br>MOISHE'S MOVING SYSTEMS, LLC, et al.,<br><br>                              Defendants. | Case No.:  21-cv-1212-L (AGS)<br><br>ORDER GRANTING MOTION TO DISMISS [ECF NO. 6] |

Pending before the Court is Defendants' Moishe's Moving Systems and Omega Moving and Storage Motion to Dismiss. [ECF No. 6.] On August 24, 2021, Plaintiff ("Law Office") filed a response in Opposition. [ECF No. 10.]  On August 27, 2021, Defendant Moishe's Moving Systems filed a Reply.  [ECF No. 11.]  The Court decides the matter on the papers submitted and without oral argument. See Civ. L. R. 7.1(d)(1). For the reasons stated below, the Court grants the Motion without prejudice and with leave to amend.

I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Guy Levy Law LLC is a California LLC.  Defendant Moishe's Moving Systems is a motor carrier engaged in the business of interstate transportation of household goods for hire based in the State of New Jersey. Defendant Omega Moving &

Storage, Inc., is a shipping company based in the State of California. On December 26, 2017, Plaintiff entered into a written agreement with Defendants to transport office furniture from New York City to San Diego. Plaintiff alleges Defendants lost, stole, destroyed, or otherwise failed to deliver some of the office furniture per the terms of the agreement. On May 14, 2021, Plaintiff filed a Complaint in California Superior Court, County of San Diego alleging twelve causes of action arising under State law including: breach of contract, unjust enrichment, fraud, breach of fiduciary duty, conversion, negligence, and declaratory relief. (Oppo. [ECF No. 10-1.])

On July 2, 2021, Defendant Moishe's Moving Systems LLC removed this action from State court pursuant to 28 U.S.C. §§1331 and 1441, and 49 U.S.C. § 14706. (Notice of Removal [ECF No. 1.]) On July 9, 2021, this Court remanded the action to state court finding that the Court lacked jurisdiction over Plaintiff's Complaint which contained only state law claims. [ECF No. 3.] On July 12, 2012, Defendant filed a Motion to Amend or Correct the Order of Removal, arguing that the Carmack Amendment, 49 U.S.C. §14706 preempts Plaintiff's state law claims, citing *Hall v. North American Van Lines, Inc.*, 476 F.3d 683 (9th Cir. 2007). By Order dated July 15, 2021, the Court vacated its Order remanding the action, finding the Carmack Amendment preempted the State law claims. (Order [ECF No. 5.])

On August 16, 2021, Defendant Moishe's filed the present Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (MTD [ECF 6.]) On August 24, 2021, Plaintiff filed a response in Opposition. (Oppo [ECF No. 10.]) On August 27, 2021, Defendant Moishe's filed a Reply. (Reply [ECF No. 11.]) On the same day, Defendant Omega Moving Systems filed a Notice of Joinder to Moishe's Reply. (Notice [ECF No. 12.])

II. DISCUSSION

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*., 720 F.2d 578,

581 (9th Cir. 1983). The court must assume the truth of all factual allegations and "construe them in the light most favorable to [the nonmoving party]." *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002); *see also Walleri v. Fed. Home Loan Bank of Seattle*, 83 F.3d 1575, 1580 (9th Cir. 1996).

As the Supreme Court explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Here, Plaintiff's state law claims in the Complaint allege that Moishe's and Omega "negligently or intentionally lost stole or destroyed office furniture transported from New York to San Diego" during an interstate move. (Oppo. at 2). In *Hall*, the Ninth Circuit held that "the Carmack Amendment is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property." *Hall,* 476 F.3d at 688. Plaintiff's state law claims are therefore governed by the Carmack Amendment because they include interstate shipping contract claims. *Smallwood v. Allied Van Lines*, 660 F.3d 1115, 1120-21 (9th Cir. 2011); *Hughes Aircraft Co. v. North American Van Lines*, 970 F.2d 609, 613 (9th Cir. 1992)("The Carmack Amendment, 49 U.S.C. § 11707(a), (c), subjects a motor carrier transporting cargo in interstate commerce to absolute liability for 'actual loss or injury to property.'") Accordingly, the Court grants Defendants' Motion to Dismiss.

Plaintiff contends that it "can amend their complaint to withstand any future Motions to Dismiss" if the Court dismisses the complaint and grants leave to file an

amended complaint. (Oppo. at 2-3.) Specifically, Plaintiff claims that "based on the facts of the case, Plaintiff could reasonably plead, in the alternative, a) that the Carmack Amendment is not applicable, or b) exceptions such as waiver, or estoppel apply, or if it applies, c) Plaintiff made valid and perfected claims under the Carmack Amendment." (Oppo. at 5).

Rule 15 advises leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003).

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Because Plaintiff may be able to assert viable claims, leave to amend is granted.

### III.  CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion to dismiss is granted with leave to amend. Plaintiff shall file an amended complaint, if any, no later than April 27, 2022. Defendant shall file a response to the amended complaint, if any, no later than the time set forth in Federal Rule of Civil Procedure 15(a)(3).

**IT IS SO ORDERED.**

Dated:  March 22, 2022

_____
Hon. M. James Lorenz
United States District Judge